UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* GORDON F.B. ONDIS, Plaintiff, v. CITY OF WOONSOCKET, RHODE ISLAND; SUSAN D. MENARD, in her individual capacity and in her capacity as Mayor of the City of Woonsocket, Rhode Island; JOEL D. MATHEWS, in his individual capacity and in his capacity as Director of Planning and Community Development of the City of Woonsocket, Rhode Island; PAULETTE MILLER, in her individual capacity and in her capacity as Assistant Director of Planning and Community Development of the City of Woonsocket; OWEN T. BEBEAU, in his individual capacity and in his capacity as Director of Human Services of the City of Woonsocket, Rhode Island; MICHAEL ANNARUMMO, in his individual capacity and in his capacity as Director of Administration and Director of Public Works of the City of Woonsocket, Rhode Island; Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 05-10312-MLW |

## DEFENDANTS' MOTION TO DISMISS

Defendants City of Woonsocket ("City"), Susan D. Menard, Joel D. Mathews, Paulette Miller, Owen Bebeau, and Michael Annarummo (the "Individual Defendants") hereby move, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6), to dismiss all Counts of the *qui tam* Complaint in this action brought by Relator Gordon F.B. Ondis ("Relator").

The reasons why this Motion should be allowed, more fully explained in the

accompanying Memorandum of Law, are as follows:  First, because the Government declined to intervene in this action, Relator lacks standing to bring his common law claims.  Second, Relator has provided no basis for liability under the FCA for any of the Individual Defendants in their individual capacities.  Third, the Complaint, while lengthy, fails the Fed. R. Civ. P. 9(b) requirement of pleading with specificity under the FCA—it fails to allege any specific false claim under the FCA; it fails to allege the basis for the specific FCA liability of each Defendant; and it fails to allege with specificity a conspiracy under the FCA.  Fourth, this Court lacks subject matter jurisdiction over Relator's FCA claims because his allegations are based upon public disclosures and he is not an original source.  Finally, Relator provides no alleged basis for personal jurisdiction over Defendants Mathews, Miller, Bebeau, and Annarummo.

For each of those reasons, the Court should dismiss the Complaint in its entirety.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Defendants request oral argument on this motion.

Respectfully Submitted,

| | |
|---|---|
| **CITY OF WOONSOCKET, RHODE ISLAND; SUSAN D. MENARD; JOEL D. MATHEWS; PAULETTE MILLER; OWEN T. BEBEAU; and MICHAEL ANNARUMMO**<br>By their Attorneys, | **SUSAN D. MENARD, in her individual capacity,**<br>By her Attorney, |
| /s/  Michael B. Galvin_____<br>Thomas E. Dwyer (BBO No. 139660)<br>Michael B. Galvin (BBO No. 630515)<br>Justin P. O'Brien (BBO No. 658765)<br>**DWYER & COLLORA, LLP**<br>600 Atlantic Ave.<br>Boston, MA 02210-2211<br>(617) 371-1000<br> mgalvin@dwyercollora.com | /s/  Howard R. Croll_____<br>Howard R. Croll (BBO No. 105380)<br>**FONTAINE & CROLL, LTD**.<br>34 Hamlet Avenue<br>Woonsocket, RI 02895<br>(401) 765-0200 |

Dated:  May 19, 2006

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1(A)(2)

  The undersigned counsel hereby certifies that a good faith attempt was made to eliminate and narrow the issues raised in this motion by conferring with Relator's attorney.

                 /s/  Michael B. Galvin

Dated:  May 19, 2006

## CERTIFICATE OF SERVICE

  The undersigned counsel hereby certifies that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on May 19, 2006.

                 /s/  Michael B. Galvin

Dated:  May 19, 2006

62242_1