UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, *ex rel.* GORDON F.B. ONDIS,
Plaintiff,

v.

CITY OF WOONSOCKET, RHODE ISLAND; SUSAN D. MENARD, in her capacity as Mayor of the City of Woonsocket, Rhode Island; JOEL D. MATHEWS, in his capacity as Director of Planning and Community Development of the City of Woonsocket, Rhode Island; PAULETTE MILLER, in her capacity as Assistant Director of Planning and Community Development of the City of Woonsocket; OWEN T. BEBEAU, in his capacity as Director of Human Services of the City of Woonsocket, Rhode Island; MICHAEL ANNARUMMO, in his capacity as Director of Administration and Director of Public Works of the City of Woonsocket, Rhode Island;
Defendants.

CIVIL NO. 05-10312-MLW

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM REGARDING SUBJECT MATTER JURISDICTION AND TRANSFER**

## I. Introduction

Defendants submit this supplemental memorandum in response to the Order of the Court dated February 1, 2007 (Docket No. 44) ("February 1 Order") and to questions raised by the Court at oral argument on January 31, 2007 regarding Defendants' Motion to Dismiss. Specifically, this memorandum addresses (1) the standards for determining whether subject matter jurisdiction exists for this case under the "public disclosure-original source rule" of the False Claims Act ("FCA"), 31 U.S.C. § 3730(e)(4)(A), and (2) whether this case should be

transferred to the United States District Court for the District of Rhode Island.[1]

## II. Subject Matter Jurisdiction

### A. Standards of Review

"[S]tatutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction." United States ex rel. Precision Co. v. Koch Indus., Inc., 971 F.2d 548, 552 (10th Cir. 1992) (citation omitted); see also Diaz-Rodriguez v. Pep Boys Corp., 410 F.3d 56, 62 n.5 (1st Cir. 2005) ("[F]ederal courts .... must monitor their jurisdictional boundaries vigilantly." (internal quotation omitted)). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (quoting Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993)); see also United States ex rel. LeBlanc v. Raytheon Co., 874 F. Supp. 35, 37 (D. Mass. 1995) (Lindsay, J.) (applying standard under public disclosure-original source rule).

In this case, Relator bears the burden of establishing subject matter jurisdiction under the public disclosure-original source rule. In doing so, Relator "may not rely on mere conclusory allegations of jurisdiction but must support the facts showing jurisdiction by competent proof." See United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1162 (10th Cir. 1999) (examining public disclosure-original source rule). "A mere assertion of

[1] During the recent hearing on Defendants' Motion, the Court asked for a case that stood for the proposition that, to satisfy Rule 9(b), a relator must explain *why* the claim was allegedly false or fraudulent. Counsel for the Defendants cited the court of appeals decision in United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374 (7th Cir. 2003), when counsel should have cited the district court opinion in the case, where the court ruled a similarly lengthy false statement complaint was fatally deficient because it:

> fails to connect allegedly false statements to specific claims for payment, and it does not state intelligibly *why* each particular claim or statement is false.... [R]elator offers reasons why he believes *all* of the listed claims are false, rather than explaining why each specific claim is false ....

No. 98 C 5072, 2002 WL 1794004 at *3 (N.D. Ill. 2002) (emphasis added).

knowledge, without adequate basis in fact and unsupported by competent proof is insufficient to establish jurisdiction." See id. at 1163.

As the First Circuit has explained, the standards for determining whether Relator has met his burden in establishing subject matter jurisdiction "depend[] on the circumstances" of the case. See Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003) (citation omitted). If a Rule 12(b)(1) motion constitutes a challenge to the *sufficiency* of jurisdictional allegations ("sufficiency challenge"), "thus requiring the court to assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction," then "the court must credit the plaintiff's well-pleaded factual allegations ..., draw all reasonable inferences from them in her favor, and dispose of the challenge accordingly." Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). The plaintiff's allegations are "usually taken from the complaint, but sometimes augmented by an explanatory affidavit or other repository of uncontested facts." Id.; see also Estate of Barrett v. United States, 337 F. Supp. 2d 370, 373 (D. Mass. 2004) (Lindsay, J.) (on sufficiency challenge, court "may consider certain extrinsic materials without engaging in jurisdictional factfinding or converting the motion to dismiss into one for summary judgment").

If, instead, a Rule 12(b)(1) motion constitutes a challenge to the *factual accuracy* "of the jurisdictional facts asserted by the plaintiff" ("factual challenge"), then "the plaintiff's jurisdictional averments are entitled to no presumptive weight ... [and] the court must address the merits of the jurisdictional claim by resolving the factual dispute between the parties." Valentin, 254 F.3d at 363; see id. at 364 (motion constituted "factual challenge" because focused on determination of plaintiff's citizenship for diversity jurisdiction). In doing so, "the court enjoys broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings in order to determine its own jurisdiction." Id. at 363.

Although a court may also "defer resolution of the jurisdictional issue until the time of trial," such deferral is inappropriate in this case because the "jurisdictional facts" are not "inextricably intertwined with the merits of the case." Valentin, 254 F.3d at 363 n.4. Jurisdictional questions are not intertwined with the merits of a plaintiff's claim if, as in this case, "the facts relevant to the determination of subject matter jurisdiction do not go directly to the merits of the plaintiff's claim." Gonzalez v. United States, 284 F.3d 281, 287 (1st Cir. 2002).

**B. Application of Determinative Standards to This Case**

At the moment, Defendant's Motion to Dismiss constitutes a sufficiency challenge. As indicated in Defendants' previous memoranda, and at oral argument, Relator's Complaint does not allege facts sufficient to establish subject matter jurisdiction in this Court under the public disclosure-original source rule. See Memorandum of Law in Support of Defendants' Motion to Dismiss (Docket No. 26), at 15-17; Defendants' Reply to Relator's Opposition and Objection to Defendants' Motion to Dismiss (Docket No. 37), at 9-12.[2]

The public disclosure-original source rule states that this Court shall not have jurisdiction over an FCA case that is "based upon the public disclosure of allegations or transactions ... unless ... the person bringing the action is an original source of the information." See § 3730(e)(4)(A). This rule is "designed to preclude *qui tam* suits *based on information that would have been equally available to strangers to the fraud transaction had they chosen to look for it as it was to the relator*."[3] United States ex rel. Kreindler & Kreindler v. United Technologies

---

[2] See Complaint ¶ 8 (stating that Relator's allegations are based on his own "investigation ... regarding the policies and practices of the City of Woonsocket and its Mayor" without identify what comprised his "investigation").

[3] Relator in this case is himself a "stranger to the fraud transaction" and, as such, "does not fit the paradigm of the inside whistleblower" for whom the FCA was intended. United States ex rel. O'Keeffe v. Sverdup Corp., 131 F. Supp. 2d 87, 93 (D. Mass. 2001) (Saris, J.); see id. (distinguishing between "inside whistleblower" and "gadfly outsider"); see also United States ex rel. Alcohol Found., Inc. v. Kalmanovitz

Corp., 985 F.2d 1148, 1158 (2d Cir. 1993) (quoting United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential Ins. Co., 944 F.2d 1149, 1155-56 (3d Cir. 1991)) (emphasis added); see also United States ex rel. John Doe v. John Doe Corp., 960 F.2d 318, 322 (2d Cir. 1992) (describing "[p]otential accessibility by those not a party to the fraud" as "the touchstone of public disclosure" (citing Stinson)).

The allegations in Relator's Complaint are, as a matter of law, public disclosures. As indicated in Defendants' previous memoranda and at oral argument, both (a) the allegedly "false set of facts" and (b) the allegedly "true set of facts" are in the public record. See O'Keeffe, 131 F. Supp. 2d at 94 (when both "X [the false set of facts] *and* Y [the true set of facts] surface publicly ... the claim will be barred unless the relator qualifies as an original source" (quoting United States ex rel. Springfield Terminal Rwy. Co. v. Quinn, 14 F.3d 645, 654 (D.C. Cir. 1994) (internal quotation omitted)). The allegedly "false set of facts" constitutes a public disclosure because it is contained in the alleged submissions to the U.S. Department of Housing and Urban Development (HUD). See United States v. Bank of Farmington, 166 F.3d 853, 861 (7th Cir. 1999) ("disclosure to a public official with direct responsibility for the claim in question ... constitutes public disclosure"); United States ex rel. Coleman v. Indiana, No. IP96-0714-C-T/G, 2000 WL 1357791, at *11 (S.D. Ind. 2000) (same); see also id. (agency approval of submission constitutes "administrative report" and therefore public disclosure).[4] The allegedly "true set of facts" constitutes a public disclosure because it is almost entirely contained in newspaper reports

---

Charitable Found., Inc., 186 F. Supp. 2d 458, 464 n.4 (S.D.N.Y. 2002) (distinguishing whistleblower "with firsthand knowledge of the wrong and its perpetrators" from "merely a perceptive third-party").

[4] As indicated at oral argument, Judge Tauro's decision in United States ex rel. Rost v. Pfizer, Inc., 446 F. Supp. 2d 6, 18 (D. Mass. 2006), is inapposite because in that case none of the "true facts" was available to anyone other than defendants and the government. See id. ("Actions in which the disclosed information lies only in the hands of the government and the party who disclosed it to the government are not parasitic.").

of the events alleged. See § 3730(e)(4)(A) (listing "news media" among source of public disclosure); see also Bannon v. Edgewater Med. Ctr., 406 F. Supp. 2d 907, 919 & n.16 (N.D. Ill. 2005) (newspaper articles subject to judicial notice on motion to dismiss FCA claim).[5]

In addition, Relator's allegations are based upon these public disclosures. The majority rule among federal courts is that "an action is 'based upon' a public disclosure when the supporting allegations are *similar to or 'the same as those that have been publicly disclosed ...* regardless of where the realtor obtained his information." O'Keeffe, 131 F. Supp. 2d at 92 (quoting John Doe Corp., 960 F.2d at 324) (emphasis added); see also 1 John T. Boese, Civil False Claims and *Qui Tam* Actions, at 4-84 n.365 (Aspen 2006) (discussing majority rule). Here, there is no relevant distinction between Relator's allegations and the public disclosures. Moreover, even under the narrower reading of "based upon," Relator does not meet his sufficiency burden because he has not indicated where his allegations originate. See United States ex rel. LaValley v. First Nat'l Bank of Boston, 707 F. Supp. 1351, 1367 (D. Mass. 1988) (Wolf, J.) (holding that a claim was not based upon a public disclosure because the claim "did not originate from" the disclosure).

Finally, Relator has not met his burden in alleging specifically that he has the "direct and independent knowledge of the information on which the allegations are based" as necessary to constitute an "original source." See § 3730(e)(4)(B); see also United States ex rel. Barth v. Ridgedale Elec., Inc., 44 F.3d 699, 703 (8th Cir. 1995) ("A relator is said to have direct

---

[5] Relator emphasizes that Defendants have not identified every alleged "true fact" in the public record. In addition to the complaint relying upon those allegations collectively, rather than individually, to establish the falsity of Defendants' representations, the public disclosure-original source rule does not require disclosure of every allegation for the rule to apply. See, e.g., Kreindler, 985 F.2d at 1158 (relator's argument that allegations not "solely" based upon public disclosures was irrelevant (citing Precision Co., 971 F.2d at 552-53)); Bannon, 406 F. Supp. 2d at 922 (nondisclosure of a single incident "in the overarching fraud" alleged was irrelevant).

knowledge of fraud when he saw [it] with his own eyes." (internal quotation omitted)); O'Keeffe, 131 F. Supp. 2d at 93 (A relator's knowledge "is 'independent' if her knowledge is not dependent on the public disclosure.").[6]

The Court has afforded Relator an opportunity to attempt to address these deficiencies in his Complaint by means of an affidavit. See February 1 Order. Depending on the contents of that affidavit, Defendants' Motion to Dismiss may constitute a factual challenge, in addition to a sufficiency challenge, that will require more factual development before the case may proceed. See Valentin, 254 F.3d at 363. However, if Relator merely provides more detail regarding his "collateral research and investigations," his "expertise in the field" that enabled him to "create the 'mosaic' of information that shows a fraud," or the means by which he obtained "secondhand information" to formulate his allegations—none of which satisfies the public disclosure-original source rule—then the Court should dismiss the Complaint for lack of subject matter jurisdiction.[7]

## III. Transfer to the District of Rhode Island

Defendants request that this Court *not* transfer this case until after this Court fully decides their Motion to Dismiss because of the substantial time and effort this Court and the parties have already devoted to the Motion. See 28 U.S.C. § 1404(a) (allowing transfer "[f]or the convenience of the parties and witnesses, in the interest of justice"); Coady v. Ashcroft & Gerel,

---

[6] "[S]econdhand information, speculation, background information or collateral research" are insufficient to establish "original source" knowledge. See Hafter D.O., 190 F.3d at 1162-63; see also Barth, 44 F.3d at 703 ("collateral research and investigations" do not establish direct and independent knowledge); Kreindler, 985 F.2d at 1159; Alcohol Found., Inc., 186 F. Supp. 2d at 463 (relator's "creation of the 'mosaic' of information that shows a fraud" insufficient to constitute "original source"). Similarly, Relator's use of his particular "expertise and background [that] allow him to understand the significance of publicly disclosed information" is "not enough to qualify him as an original source." O'Keeffe, 131 F. Supp. 2d at 96; see also LeBlanc, 874 F. Supp. at 39 ("background information which enables a putative relator to understand the significance of a publicly disclosed transaction" insufficient (quoting Stinson, 944 F.2d at 1160); Springfield Terminal Rwy., 14 F.3d at 655 ("[e]xpertise in the field ... would not in itself give a *qui tam* plaintiff the basis for suit when all the material elements of fraud are publicly available, though not readily comprehensible to nonexperts").

[7] See, supra, n.5.

223 F.3d 1, 11 (1st Cir. 2000) (discussing 1404(a) factors). However, if any portion of the single remaining count survives Defendants' Motion to Dismiss (which Defendants contend should not occur), Defendants agree that the case should be transferred to the District of Rhode Island. Rhode Island is the forum that would be the most convenient for the vast majority of the witnesses and the citizens of Woonsocket, and the District with the most significant stake in the outcome of the litigation. Cf. Boateng v. General Dynamics Corp., 460 F. Supp. 2d 270, 275-77 (D. Mass. 2006) (considering such factors in evaluating motion to transfer under 28 U.S.C. § 1404(a)).

Respectfully Submitted,

**CITY OF WOONSOCKET, RHODE ISLAND; SUSAN D. MENARD; JOEL D. MATHEWS; PAULETTE MILLER; OWEN T. BEBEAU; and MICHAEL ANNARUMMO**

By their Attorneys,

/s/ Michael B. Galvin
Thomas E. Dwyer (BBO No. 139660)
Michael B. Galvin (BBO No. 630515)
Justin P. O'Brien (BBO No. 658765)
**DWYER & COLLORA, LLP**
600 Atlantic Ave.
Boston, MA 02210-2211
(617) 371-1000
mgalvin@dwyercollora.com

**SUSAN D. MENARD, in her individual capacity,**

By her Attorney,

/s/ Howard R. Croll
Howard R. Croll (BBO No. 105380)
**FONTAINE & CROLL, LTD.**
34 Hamlet Avenue
Woonsocket, RI 02895
(401) 765-0200

Dated: February 9, 2007

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on February 9, 2007.

/s/ Michael B. Galvin

Dated: February 9, 2007