UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel. GORDON F.B. ONDIS<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF WOONSOCKET, RHODE ISLAND; SUSAN D. MENARD, in her individual capacity and in her capacity as Mayor of the City of Woonsocket, Rhode Island; JOEL D. MATHEWS, in his individual capacity and in his capacity as Director of Planning and Community Development of the City of Woonsocket, Rhode Island; PAULETTE MILLER, in her individual capacity and in her capacity as Assistant Director of Planning and Community Development of the City of Woonsocket, Rhode Island; OWEN T. BEBEAU, in his individual capacity and in his capacity as Director of Human Services of the City of Woonsocket, Rhode Island; and MICHAEL ANNARUMMO, in his individual capacity and in his capacity as Director of Administration and Director of Public Works of the City of Woonsocket, Rhode Island;<br><br>Defendants. | CIVIL NO. 05-10312-MLW |

## MEMORANDUM OF LAW IN OPPOSITION TO SUI SPONTE TRANSFER OF ACTION

*Background*

The Court has indicated that it might consider a *Sui Sponte* transfer of the above entitled action to the District of Rhode Island. Intervenor objects to such transfer.

1

*Argument*

The principal reason Intervenor filed his action in the District of Massachusetts is that the Massachusetts court and United States Attorney's Office have broad experience in dealing with False Claims Act cases. Intervenor believes that the present matter may more efficiently be handled in the Massachusetts venue. Venue is proper in Massachusetts because the offending submissions to the government were made at Boston.

Generally Plaintiff's (Intervenor's) choice of venue is given deference unless there is overriding consideration for transfer.

> In weighing these considerations, the trial court must favor the plaintiff's choice of forum: "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil, 330 U.S. at 509. The deference accorded the plaintiff's choice of forum is enhanced when the plaintiff has chosen a forum in which the defendant maintains a substantial presence, see Schertenleib, 589 F.2d at 1164; see also Lony v. E.I. Du Pont de Nemours & Co., 935 F.2d 604, 608 (3d Cir. 1991); Mutual Export Corp. v. Westpac Banking Corp., 742 F. Supp. 161, 163 (S.D.N.Y. 1990), and when the plaintiff is an American citizen who has selected an available American forum, Piper Aircraft, 454 U.S. at 256 n.23; see also Hoffman v. Goberman, 420 F.2d 423 (3d Cir. 1970); Mobil Tankers Co. v. Mene Grande Oil Co., 363 F.2d 611, 614 (3d Cir. 1965), cert. denied, 385 U.S. 945, 17 L. Ed. 2d

2

225, 87 S. Ct. 318 (1966). <u>Mercier v. Sheraton Int'l, Inc., 981 F.2d 1345, 1354 (1st Cir. 1992)</u>

The Mercier case also set forth the criteria to be considered by the Court.

> Well-established "public interest" and "private interest" criteria guide the trial court determination as to the relative convenience of an alternative forum. See Gulf Oil v. Gilbert, 330 U.S. at 508-09. The "private interest" criteria include the comparative convenience of the parties' access to sources of proof; the availability of compulsory process and the cost of securing the attendance of witnesses; the possibility of a view of the premises, if a view would be appropriate; and an evaluation of "all other practical problems [**25] that make trial of a case easy, expeditious and inexpensive." Id. at 508. The "public interest" criteria include the administrative difficulties resulting from court congestion in the plaintiff's chosen forum; the "local interest in having localized controversies decided at home"; the interest in having the trial of a case conducted in a forum that is at home with the governing law; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of imposing jury duty on citizens in an unrelated forum. Piper Aircraft, 454 U.S. at 241 n.6. <u>Id.</u>

**Sui Sponte Transfers Disfavored**

Transfer on court's own motion pursuant to 28 USCS § 1404(a) is strongly disfavored. In re Chatman-Bey (1983, App DC) 231 US App DC 72, 718 F2d 484.

When transfer is considered by the Court under USCS § 1404(a) is general in its provisions, and without any limiting language as to power of District Court to transfer an action to another district such as is contained in § 1404(b) by term "upon motion, consent or stipulation of all parties". I-T-E Circuit Breaker Co. v Becker (1965, CA8) 343 F2d 361, 1965 CCH Trade Cases P 71406.

**Balance of the Equities Disfavors Transfer**

Defendants have not filed a motion seeking transfer and at hearing expressed to preference for venue.  At this writing no memorandum has been filed supporting transfer as invited by the Court.

As pointed out by the Court it is certainly true that it would be more than convenient for witnesses to attend sessions in Providence.   However, Relator has no difficulty in scheduling depositions in Woonsocket if Defendants prefer.

A Boston venue is certainly more convenient for HUD officials and for obtaining of documents from the HUD office in Boston.

Another consideration is that the United States Attorney in Boston has now invested considerable time in reviewing documents provided by Relator and continues to monitor this case.   Causing and AUSA to travel to Providence would undoubtedly be inconvenient and assigning an AUSA in Providence to this case would duplicate significant resources already devoted to this matter.

4

Finally, obtaining local counsel in Rhode Island will significantly add to the cost of litigation for Relator.

**Woonsocket has Previously Litigated in Massachusetts in Both Affirmative and Defensive Litigation.**

Woonsocket was Plaintiff an action filed in this court in file 91-10934,

Additionally, Woonsocket and its housing authority appeared in this court to defend two actions, 03-12007 and 03-40042.

For the reasons cited herein, Relator prays that this matter not be transferred.

Respectfully Submitted,

Government of the United States
ex rel. Gordon F.B. Ondis

BY HIS ATTORNEY

/s/ Leon A. Blais

_____
Leon A. Blais  (BBO#652595)

BLAIS & PARENT
20 Cabot Blvd
Suite 300
Mansfield, MA 02048
508 618-1280
866 329-6175 fax
LBlais@BlaisParent.com

5

Certificate of Service

The undersigned counsel hereby certifies that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.   All counsel of record are such registered participants.

Dated:  February 9, 2007                                                  /s/ Leon A. Blais