UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* GORDON F.B. ONDIS, Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | CIVIL NO. 05-10312-MLW |
| CITY OF WOONSOCKET, RHODE ISLAND; SUSAN D. MENARD, in her capacity as Mayor of the City of Woonsocket, Rhode Island; JOEL D. MATHEWS, in his capacity as Director of Planning and Community Development of the City of Woonsocket, Rhode Island; PAULETTE MILLER, in her capacity as Assistant Director of Planning and Community Development of the City of Woonsocket; OWEN T. BEBEAU, in his capacity as Director of Human Services of the City of Woonsocket, Rhode Island; MICHAEL ANNARUMMO, in his capacity as Director of Administration and Director of Public Works of the City of Woonsocket, Rhode Island; Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

**DEFENDANTS' ASSENTED TO MOTION FOR LEAVE TO FILE
RESPONSE TO RELATOR'S SUPPLEMENTAL MEMORANDUM
<u>REGARDING SUBJECT MATTER JURISDICTION</u>**

Defendants hereby move to file a brief response, attached hereto, to Relator's

Supplemental Memorandum Regarding Subject Matter Jurisdiction ("Relator's Supplement")

and attached affidavits (Docket No. 45, filed Feb. 9, 2007).  Defendants believe that such

response is appropriate because of the nature of Defendants' pending Motion to Dismiss, issues

raised in Relator's Supplement and affidavits, and questions that the Court raised regarding

Defendants' Motion at oral argument on January 31, 2007.  Undersigned counsel has consulted

with counsel for Relator, who assents to this motion.

Respectfully Submitted,

| | |
|---|---|
| **CITY OF WOONSOCKET, RHODE ISLAND;** | **SUSAN D. MENARD, in her** |
| **SUSAN D. MENARD; JOEL D. MATHEWS;** | **individual capacity,** |
| **PAULETTE MILLER; OWEN T. BEBEAU;** | |
| **and MICHAEL ANNARUMMO** | By her Attorney, |
| | |
| By their Attorneys, | |
| | |
| /s/  Justin P. O'Brien _____ | /s/  Howard R. Croll _____ |
| Thomas E. Dwyer (BBO No. 139660) | Howard R. Croll (BBO No. 105380) |
| Michael B. Galvin (BBO No. 630515) | **FONTAINE & CROLL, LTD**. |
| Justin P. O'Brien (BBO No. 658765) | 34 Hamlet Avenue |
| **DWYER & COLLORA, LLP** | Woonsocket, RI 02895 |
| 600 Atlantic Ave. | (401) 765-0200 |
| Boston, MA 02210-2211 | |
| (617) 371-1000 | |
| jobrien@dwyercollora.com | |

Dated:  March 3, 2007

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1(A)(2)

I, Justin P. O'Brien, hereby certify that on March 2, 2007, I communicated with opposing counsel, Leon Blais, who assented to this motion.

/s/  Justin P. O'Brien _____
Justin P. O'Brien

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on March 3, 2007.

/s/  Justin P. O'Brien _____

Dated:  March 3, 2007

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* GORDON F.B. ONDIS, Plaintiff, v. CITY OF WOONSOCKET, RHODE ISLAND; SUSAN D. MENARD, in her capacity as Mayor of the City of Woonsocket, Rhode Island; JOEL D. MATHEWS, in his capacity as Director of Planning and Community Development of the City of Woonsocket, Rhode Island; PAULETTE MILLER, in her capacity as Assistant Director of Planning and Community Development of the City of Woonsocket; OWEN T. BEBEAU, in his capacity as Director of Human Services of the City of Woonsocket, Rhode Island; MICHAEL ANNARUMMO, in his capacity as Director of Administration and Director of Public Works of the City of Woonsocket, Rhode Island; Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 05-10312-MLW |

**DEFENDANTS' [PROPOSED] RESPONSE TO RELATOR'S SUPPLEMENTAL
MEMORANDUM REGARDING SUBJECT MATTER JURISDICTION**

Defendants submit this memorandum to respond briefly to the Supplemental

Memorandum Regarding Subject Matter Jurisdiction ("Relator's Supplement"), and

accompanying affidavits, that Relator has filed. See Relator's Supplement (Docket No. 45, filed

Feb. 9, 2007) (affidavits of Relator, Leon Blais, and Lee Matthews attached).[1]

---

[1]  Defendants have previously addressed many of the issues raised by Relator's Supplement and affidavits and do not seek to reargue those issues here. See Memorandum of Law in Support of Defendants' Motion to Dismiss (Docket No. 26), at 12-17; Defendants' Reply to Relator's Opposition and Objection to Defendants' Motion to Dismiss (Docket No. 37), at 9-12;

Relator's Supplement and affidavits fail to add any weight to his assertion of subject matter jurisdiction in this case under the "public disclosure-original source rule" of the False Claims Act ("FCA"), 31 U.S.C. § 3730(e)(4)(A).  Although Relator provides more detail for that assertion than he had in his Complaint, his allegations remain insufficient to establish subject matter jurisdiction in this Court for this action.

Relator has essentially painted himself into a corner: In an effort to assert that no one other than he could have discovered the false representations he alleges, he contends expressly that his "expertise" and "collateral research" provided him with the basis for his allegations. See, e.g., Relator's Affidavit at 11, ¶ 8.  In doing so, Relator practically quotes the authority that renders his allegations insufficient to satisfy the public disclosure-original source rule.

For example, Relator expends considerable effort to establish that he was in a "unique position to appreciate and understand the significance of" Defendants' allegedly false representations to the U.S. Department of Housing and Urban Development (HUD).  See Relator's Supplement at 7; id. at 4 ("his background and experience ... caused him to be uniquely situated" to understand HUD filings); id. at 9 (Relator's "background and experience" enabled him to realize the "existence of false statements"); id. at 10 ("his long housing experience" provided basis for allegations); see also Relator's Affidavit at 3, 6, 11 (describing Relator's "knowledge beyond [that of] a layperson"); see generally Affidavit of Lee Matthews (describing Relator's "very special knowledge" of federal housing regulations).  Yet, "expertise and background" are "not enough to qualify [relator] as an original source."  See United States ex rel. O'Keeffe v. Sverdup Corp., 131 F. Supp. 2d 87, 96 (D. Mass. 2001) (Saris, J.); see also United States ex rel. LeBlanc v. Raytheon Co., 874 F. Supp. 35, 39 (D. Mass. 1995) (Lindsay, J.)

Defendants' Supplemental Memorandum Regarding Subject Matter Jurisdiction and Transfer (Docket No. 46), at 2-7.

("special expertise is not good enough to get a relator past the jurisdictional bar").

Similarly, Relator emphasizes that most of his allegations are the product of his "further investigation," which followed the alleged suspicions that his "background and experience" had raised.  See Relator's Supplement at 9; see also Relator's Affidavit at 4-9, 11 (describing Relator's collateral investigation); see generally Affidavit of Leon Blais (same).  However, "collateral research and investigations" do not establish the direct and independent knowledge required to constitute an original source.  See United States ex rel. Barth v. Ridgedale Elec., Inc., 44 F.3d 699, 703 (8th Cir. 1995); see also United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1162 (10th Cir. 1999) ("secondhand information, speculation, background information or collateral research" insufficient).

Relator's Supplement and accompanying affidavits simply do not change the undisputable fact that Relator is an outsider who merely compiled the "mosaic" of allegations that comprise his Complaint. [2]  See United States ex rel. Alcohol Found., Inc. v. Kalmanovitz Charitable Found., Inc., 186 F. Supp. 2d 458, 463 (S.D.N.Y. 2002) (relator's "creation of the 'mosaic' of information that shows a fraud" insufficient to constitute "original source").  Thus he fails to meet the requirements of the public disclosure-original source rule.

In addition, Relator's failure to establish that he is an original source indicates precisely why a substantial majority of Courts of Appeals would hold that his allegations are "based upon" public disclosures.  The minority reading of "based upon" essentially renders the "original source" requirement of the public disclosure-original source rule redundant.  See 1 John T. Boese, Civil False Claims and *Qui Tam* Actions, at 4-91 to 4-93 & n.382 (Aspen 2006) (quoting

---

[2]  In his effort to establish that he has nothing to gain from the outcome of this case, Relator again expressly alleges that he is an outsider of the kind for whom the FCA was not intended. See Relator's Affidavit at 2 ("Neither I nor any of my associated business entities are in any manner socially, politically, or financially connected to the City of Woonsocket ....").

United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential Ins. Co., 944 F.2d

1149, 1168, n.1 (3d Cir. 1991) (Sirica, J., dissenting on other grounds)).  Under the minority rule,

an action that is "'based upon' any public disclosure ... could proceed regardless of whether the

relator qualifies as an 'original source.'"  See id.  The majority reading of "based upon," in

contrast, maintains the "original source" requirement as an independent element of the rule.  See

id.  "Practical considerations of judicial economy," as well as the purposes of the FCA and "a

reasonable construction that gives effect to all of [the] provisions" of the rule, see id. (citation

omitted), therefore support a reading of the rule by which "an action is 'based upon' a public

disclosure when the supporting allegations are similar to or the same as those that have been

publicly disclosed."  O'Keeffe, 131 F. Supp. 2d at 92 (quotation omitted); see also, e.g., United

States ex rel. Jones v. Horizon Healthcare Corp., 160 F.3d 326, 332 & n.4 (6th Cir. 1998)

(discussing rationale for adopting majority rule).

      Relator has presented exactly the kinds of allegations that support the majority rule

reading of "based upon" and the application of the public disclosure-original source

jurisdictional bar.  Relator, who is by his own allegations an "outsider" and "stranger to the fraud

transaction" alleged, has attempted to convert an essentially political or public policy dispute into

an FCA case in federal court.  In doing so, Relator has presented no allegation in his Complaint

that was not "equally available to [*other*] strangers to the fraud transaction had they chosen to

look for it."  United States ex rel. Kreindler & Kreindler v. United Technologies Corp., 985 F.2d

1148, 1158 (2d Cir. 1993) (citation omitted).  Even if Relator were motivated by some "public-

interest spirit" in bringing this action, such a motive "falls outside the narrower purpose

contemplated by the statute" and cannot save his otherwise deficient allegations.  See Alcohol

Found., Inc, 186 F. Supp. 2d at 465.

Relator's Complaint, combined with Relator's Supplement and accompanying affidavits,

fail to meet his burden to establish that his allegations are not "based upon public disclosures."

See § 3730(e)(4)(A). Moreover, Relator has failed to provide a basis for the Court to find that he

is an "original source." See id. Consequently, Defendants again submit that the Court should

grant their pending Motion to Dismiss the sole remaining count of Relator's Complaint.

Respectfully Submitted,

**CITY OF WOONSOCKET, RHODE ISLAND;**
**SUSAN D. MENARD; JOEL D. MATHEWS;**
**PAULETTE MILLER; OWEN T. BEBEAU;**
**and MICHAEL ANNARUMMO**

**SUSAN D. MENARD, in her**
**individual capacity,**

By her Attorney,

By their Attorneys,

/s/ Justin P. O'Brien _____
Thomas E. Dwyer (BBO No. 139660)
Michael B. Galvin (BBO No. 630515)
Justin P. O'Brien (BBO No. 658765)
**DWYER & COLLORA, LLP**
600 Atlantic Ave.
Boston, MA 02210-2211
(617) 371-1000
 jobrien@dwyercollora.com

/s/ Howard R. Croll _____
Howard R. Croll (BBO No. 105380)
**FONTAINE & CROLL, LTD**.
34 Hamlet Avenue
Woonsocket, RI 02895
(401) 765-0200

Dated: March 3, 2007

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of this document
filed through the ECF system will be sent electronically to the registered participants as
identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those
indicated as nonregistered participants on March 3, 2007.

/s/ Justin P. O'Brien _____

Dated: March 3, 2007