```
             UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ) <br> GORDON F.B. ONDIS, ) <br> ) <br>     Relator, ) <br> ) <br>     v. ) <br> ) <br> CITY WOONSOCKET, RHODE ISLAND; ) <br> SUSAN D. MENARD, in her individual ) <br> and official capacities; JOEL D. ) <br> MATHEWS, in his individual and ) <br> official capacities; PAULETTE ) <br> MILLER, in her individual and ) <br> official capacities; OWEN T. ) <br> BEBEAU, in his individual and ) <br> official capacities; MICHAEL ) <br> ANNARUMMO, in his individual and ) <br> official capacities, ) <br> ) <br>     Defendants. ) | C.A. No.05-10312-MLW |

                          AMENDED ORDER

WOLF, D.J.                                       July 10, 2007


     For the reasons stated in court on January 31, 2007, it is hereby ORDERED that:

     1. With the agreement of the relator, Counts III and IV of the relator's complaint are dismissed because the relator does not have standing to assert common law claims on behalf of the United States. See United States ex rel. Walsh v. Eastman Kodak Co., 98 F. Supp. 2d 141, 149 (D. Mass. 2000); United States ex rel. Rockefeller v. Westinghouse Elec. Co., 274 F. Supp. 2d 10, 14 (D.D.C. 2003), aff'd, Rockefeller ex rel. United States v. Washington TRU Solutions LLC, No. 037120, 2004 WL 180264 (D.C. Cir. 2004).

2) The claims against the individual defendants in their individual capacities are dismissed because the relator has not alleged that any of the defendants "personally benefit[ed] from the transaction constituting the violation of the Act." United States ex rel. Dunleavy v. County of Delaware, 279 F.3d 219, 221 (3d Cir. 2002), vacated on other grounds, 538 U.S. 918 (2003). After it has been determined whether subject matter jurisdiction exists, a court will decide if the relator should be allowed to amend his complaint to attempt to allege properly a claim that any or all of the individual defendants are liable in their individual capacities.

3) Count II of the complaint is dismissed based on the intracorporate conspiracy doctrine. See United States ex rel. Heater v. Holy Cross Hosp., 2006 Dist. LEXIS 75690, *33 (S.D. Fla. 2006); United States ex rel. Bartlett v. Tyrone Hosp., Inc., 234 F.R.D. 113, 128 (W.D. Penn. 2006). After it has been determined whether subject matter jurisdiction exists, a court will decide if the relator should be allowed to amend his complaint to attempt to assert that one or more defendants should be held liable in their individual capacities and, therefore, are subject to suit as coconspirators.

4) By February 9, 2007:

    a) The relator shall file an affidavit concerning whether subject matter jurisdiction does not exist because this case is based upon public disclosures. See 31 U.S.C.

§3730(e)(4)(A).

    b) The parties shall file supplemental memoranda on the standards to be applied in determining whether subject matter jurisdiction exists.

    c) The parties shall address whether this case should be transferred to the United States District Court for the District of Rhode Island for a decision concerning subject matter jurisdiction, or, if not, if this court decides subject matter jurisdiction exists.

                            /s/ Mark L. Wolf
                            UNITED STATES DISTRICT JUDGE